**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000794
19-SEP-2019
07:59 AM**

NO. CAAP-18-0000794

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DONALD MOSHER, Plaintiff-Appellee, v.
DARRYL GAMA, Defendant-Appellant, and
CRYSTAL SMITH, Defendant-Appellee, and
JOHN DOES 1-100, JANE DOES 1-100, DOE .CORPORATIONS 1-100,
DOE PARTNERSHIPS 1-100, DOE ENTITIES 1-100, and RICHARD
ROES 1-100, MARY ROES 1-100, ROE CORPORATIONS 1-100,
ROE PARTNERSHIPS 1-100, ROE ENTITIES 1-100, Defendants


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
KONA DISTRICT
(CASE NO. 3rc18-1-376K)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Chan, JJ.)

Defendant-Appellant Darryl Gama (**Gama**) appeals from a
post-judgment order denying Gama's "Ex Parte Motion to Stay
Execution of Writ of Possession" (**Post-Judgment Order Denying
Stay**) entered on October 10, 2018, in favor of Plaintiff-Appellee
Donald Mosher (**Mosher**) by the District Court of the Third
Circuit, Ka'u Division (**District Court**).[1]  On appeal, Gama
contends that the District Court erred because "it failed to
inquire into [Gama's] sworn statement that [Gama] was never
served with a copy of the SUMMONS AND COMPLAINT."

Upon careful review of the record and briefs submitted
by the parties and having given due consideration to the

---

[1]  The Honorable Margaret K. Masunaga presided.

arguments and issues they raise, as well as the relevant legal authorities, we resolve Gama's point of error as follows and dismiss the appeal as moot.[2]

On July 18, 2018, Mosher filed a complaint against, *inter alia*, Gama, asserting six counts, including a claim for ejectment and summary possession of a property which Gama had allegedly unlawfully occupied. On August 20, 2018, the District Court entered its "Judgment for Possession" and "Writ of Possession" against, *inter alia*, Gama, after Gama had failed to appear at the return hearing on the summons. No party filed a timely appeal from the District Court's "Judgment for Possession" or "Writ of Possession".

On October 10, 2018, Gama filed an "Ex Parte Motion to Stay Execution of Writ of Possession" (**Post-Judgment Motion to Stay**), which the District Court subsequently denied. Gama now appeals from the District Court's Post-Judgment Order Denying Stay.[3]

We agree with Mosher's argument that Gama's appeal from the Post-Judgment Order Denying Stay is moot because the "Writ of Possession" which Gama sought to stay has expired. The terms of the "Writ of Possession", filed on August 20, 2018, required the writ to be filed with the completed execution information within 180 days from the date of the writ, "unless extended by order of [the District Court]." The record and the files in this action do not indicate that the District Court extended the deadline for the "Writ of Possession", and the deadline has since passed.[4]

---

[2] Gama's Opening Brief is deficient in numerous respects under Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b). However, we address Gama's argument because Hawaii's appellate courts seek to address cases on the merits, where possible. See Marvin v. Pflueger, 127 Hawai'i 490, 496, 280 P.3d 88, 94 (2012).

[3] We note that Gama appears to challenge the "Judgment of Possession" and "Writ of Possession", from which Gama failed to appeal. We thus lack appellate jurisdiction to address any issues related to the "Judgment of Possession" or "Writ of Possession".

[4] The record on appeal was filed on January 4, 2019. We further take judicial notice of the files in the District Court, see Hawaii Rules of Evidence Rule 201, which indicate the Writ of Possession was not extended.

Thus, Gama's appeal from the Post-Judgment Order Denying Stay is moot.  See Wong v. Bd. of Regents, Univ. of Hawaii, 62 Haw. 391, 394, 616 P.2d 201, 203-04 (1980) (holding that the mootness doctrine is "appropriate where events subsequent to the judgment of the trial court have so affected the relations between the parties that the two conditions for justiciability relevant on appeal-adverse interest and effective remedy-have been compromised.").

Therefore, IT IS HEREBY ORDERED that this appeal is dismissed as moot.

DATED:  Honolulu, Hawai'i, September 19, 2019.

On the briefs:

Darryl Gama,
Defendant-Appellant,
self-represented.

Peter S.R. Olson,
(Olson & Sons)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

3